UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN GONZALES | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| AUTUMN WIND PRODUCTIONS, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| NETFLIX US, LLC, and | § | |
| | § | |
| NETFLIX WORLDWIDE | § | |
| ENTERTAINMENT, LLC. | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Juan Gonzales ("Gonzales") files this Original Complaint against Defendants Autumn Wind Productions, LLC ("Autumn Wind"), Netflix US, LLC ("Netflix US"), and Netflix Worldwide Entertainment, LLC ("Netflix Worldwide"), and alleges the following:

## I. PARTIES

1.     Plaintiff Juan Gonzales is an individual residing in Crystal City, Texas.

2.     Upon information and belief, Defendant Autumn Wind is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 2900 Olympic Blvd., Santa Monica, CA 90404-4127.

3.     Upon information and belief, Netflix US is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Los Angeles, California.

4.      Upon information and belief, Netflix Worldwide is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Los Angeles, California.

5.      Gonzales reserves the right to amend this complaint to include any and all other corporations, business entities or persons affiliated with Netflix or Autumn Wind which are responsible for or involved with the wrongful conduct alleged herein.

## II.  JURISDICTION AND VENUE

6.       Upon information and belief, Netflix US, Netflix Worldwide, and Autumn Wind have actively contracted to supply goods in the State of Texas, and within this judicial district and actively conducts business directly and through their representatives in the State of Texas, and within this judicial district, in connection with the matters giving rise to this action. This Court, therefore, has personal jurisdiction over all Defendants.

7.      Jurisdiction over the subject matter of this action arises under 28 U.S.C. §§ 1331, 1338, and under the copyright laws of the United States, Title 17 of the United States Code.

8.      Venue is proper in this Court pursuant to the provisions of 28 USC §§ 1391 and 1400.

## III.  FACTUAL BACKGROUND

9.      On or about October 19, 2020, Gonzales published a video recorded on his phone of his reaction to the Dallas Cowboys losing a professional football game (the "Video").

10.     The Video shows Gonzales throwing a can at the television showing the game, then punching and otherwise damaging the television.  The Video went viral shortly after it was published.

11. On November 30, 2020, Gonzales applied to register his copyright in the Video with the United States Copyright Office by electronically submitting the appropriate copyright application, paying the fee, and depositing the work with the Office. The United States Copyright Office issued a Registration Certificate showing a Registration Decision Date of December 1, 2020, and a Registration Number of PA 2-266-492. A copy of the Registration Certificate is attached hereto as Exhibit A.

12. Upon information and belief, on or about August 19, 2025, Netflix. US and Netflix Worldwide released a television series produced by Autumn Wind titled *America's Team: The Gambler and His Cowboys* (the "Infringing Work") about the professional football team the Dallas Cowboys.

13. The Infringing Work features interviews with a number of people associated with the Dallas Cowboys, many of which appear to have been filmed in the Dallas, Texas area, and within the State of Texas.

14. In Episode 8 of the Infringing Work, at approximately the 5 minute and 40 second mark, a montage of several Dallas Cowboys fans punching their television screens in frustration with the performance of the team is shown.

15. A significant portion of the Video is included in this montage.

16. Gonzales did not authorize Defendants' or anyone else's use of the Video in the Infringing Work.

17. The use of the Video in the Infringing Work is not transformative for at least the following reasons: the use was commercial (media reports suggest that Netflix purchased the Infringing Work for approximately $50 million), and the use in the Infringing Work serves the

exact same purpose as the original Video: demonstrating a fan's frustration with the performance of the Dallas Cowboys.

18.    The Video is not factual in nature.   It showed the raw emotion that a fan experienced when his team lost yet another football game in heartbreaking fashion, and did so in a way that was compelling and visually stimulating.

19.    Even though the entire Video was not used in the Infringing Work, the amount and substantiality used was significant.   The Video is relatively short, but the overall percentage of the Video that was used is high.   Further, the essence and message of the Video is maintained in the snippet that was stolen and used in the Infringing Work.

20.    If the use of the Video in the Infringing Work is allowed without compensation to Gonzales, it would all but eviscerate the licensing market for the Video.   Again, the Infringing Work used the Video to convey the exact same message that the original Video conveyed.   If third parties are allowed to use the Video in this way without Gonzales's authorization, no one would ever have to compensate Gonzales for use of his Video.

21.    Upon information and belief, Defendants knew or should have known that they did not have Gonzales's authorization to use the video, and therefore are willful infringers.

## COUNT I

### INFRINGEMENT OF COPYRIGHT UNDER 17 USC § 101 ET SEQ.

22.    The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

23.    The Video is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.   Gonzales is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the Video.

4

24. Upon information and belief, as a result of the publication of the Infringing Work, Defendants had access to the Video prior to the release and distribution of the Infringing Work.

25. Upon information and belief, Defendants, without the permission or authorization of Gonzales, have continued to reproduce original elements of the Video and to promote and offer for sale the Infringing Work, which incorporates original elements of the Video.

26. Upon information and belief, Defendants have profited from the Infringing Work.

27. Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, distribute and otherwise profit from Gonzales's copyrighted Video.

28. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and continues to be to deprive Gonzales of the rights and benefits granted to him under copyright, including the exclusive right to use, reproduce, and to create derivative works based on the Video.

29. By their actions, as alleged above, Defendants have infringed and violated Gonzales's exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. § 501, by producing, distributing and selling a video series, a portion of which is strikingly, or substantially, similar to the Video, without Gonzales's authorization or consent.

30. Upon information and belief, Defendants' infringement of Gonzales's copyrights is willful and deliberate and Defendants have profited at the expense of Gonzales.

**WHEREFORE**, Gonzales prays for judgment against Defendants on the foregoing claims as follows:

(a) That Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of

them, be permanently enjoined from using the Video or any video substantially similar thereto in any manner, including but not limited to manufacture, development, promotion, advertising, distribution, offer for sale or sale of works bearing the Video, any portion thereof, or otherwise infringing Gonzales's copyrights;

(b)    That Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be enjoined from otherwise infringing Gonzales's copyrights;

(c)    That Defendants be made to fully account to Gonzales for all gains, profits and advantages derived from their wrongful acts by a payment of damages under the Copyright Act including payment for willful infringement, reimbursement of his attorneys' fees, and actual and consequential damages and punitive damages for their willful infringement;

(d)    That Gonzales recover from Defendants all of their profits attributable to infringement, or alternatively, the maximum statutory damage award available, including for willful infringement, pursuant to the Copyright Act;

(e)    That Gonzales be awarded all the damages, costs, disbursements and reasonable attorneys' fees involved in bringing this claim; and

(f)    Such other and further relief, both general and special, at law and in equity, which this Court deems just, equitable and proper.

Gonzales hereby demands a trial by jury on all issues so triable.

Dated: January 30, 2026                Respectfully submitted,


*/s/ Theodore G. Baroody*
James R. Gourley
Texas Bar No. 24050679
CARSTENS, ALLEN & GOURLEY, LLP
1707 Cole Blvd, Suite 210
Golden, CO 80401
(972) 367-2001
gourley@caglaw.com
[PHV to be Filed]

Theodore G. Baroody
Texas Bar No. 01797550
CARSTENS, ALLEN & GOURLEY, LLP
7500 Dallas Pkwy, Suite 300
Plano, Texas 75024

2904 Amherst Ave.
Dallas, TX 75225
(Residence)
(972) 367-2001
tbaroody@caglaw.com

**ATTORNEY FOR PLAINTIFF**